UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW THADDEUS TROITAN ADAM,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN GELLMAN,<br><br>Defendant. | No. 2:23-cv-00600-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

### Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4   relief."  *Id.* § 1915A(b).
5       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.
9   Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12  U.S. 662, 679 (2009).
13      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17  678.
18      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20  content that allows the court to draw the reasonable inference that the defendant is liable for the
21  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.
23  Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

26      Plaintiff alleges that the attorney representing him in state court competency proceedings
27  made various misrepresentations to the court.  Plaintiff requests that she be barred from practicing
28  law and seeks $50,000 in damages.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's complaint (ECF No. 1) cannot survive screening because his attorney, whether appointed or retained, is not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (private individuals and entities do not act under color of state law). Moreover, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). For these reasons, plaintiff's complaint is dismissed for failure to state a claim upon which relief could be granted. Given the deficiencies, the court finds that leave to amend in this action would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted).

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Placer County Sheriff filed concurrently herewith.
3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE